IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOKESH BABU VUYYURU,         )
                             )
            Plaintiff,       )
                             )
v.                           )    Civil Action No. 3:16CV638–HEH
                             )
BANK OF AMERICA, N.A., *et al.*, )
                             )
            Defendants.      )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

THIS MATTER is before the Court on Defendants Bank of America, N.A.'s ("BANA") and Caliber Home Loans, Inc.'s ("Caliber") (collectively "Defendants") Motion to Dismiss (ECF No. 18), filed on February 2, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6). In compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Defendants provided the required notice to *pro se* Plaintiff Lokesh Babu Vuyurru ("Plaintiff") that he had twenty-one days to respond and the Court could dismiss his suit should he not respond. Plaintiff filed an untimely response on March 3, 2017.[1] (ECF No. 25.)

The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

---

[1] In opposition to Defendants' Motion to Dismiss, Plaintiff merely argues that the Court should grant his Motion to Amend the Complaint (ECF No. 26), also filed on March 3, 2017. However, as discussed more fully below, Plaintiff's proposed Amended Complaint is equally deficient as his original Complaint. Therefore, Plaintiff's Motion to Amend the Complaint will be denied.

For the reasons set forth below, the Court will grant Defendants' Motion.

## I. BACKGROUND

On a motion to dismiss, the Court takes the well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. and Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). Accordingly, the Court determines that the relevant facts are as follows:

Since the early 2000's, Plaintiff and his family have resided in a house located at 12200 Ganesh Lane, Chester, Virginia. (Compl. ¶ 57.) In August 2004, Plaintiff obtained a mortgage loan from BANA in the amount of $265,988, secured by that property.[2] BANA subsequently transferred the serving of the loan to Caliber.[3]

Plaintiff alleges that he applied for a Home Affordable Modification Program ("HAMP") loan modification with Caliber, but that Caliber proceeded with a foreclosure sale on September 10, 2015, while the review was pending. (*Id.* ¶¶ 61–62.) Plaintiff claims that he was never advised that there were documents missing for the modification review. (*Id.* ¶¶ 66–67.) Rather, he contends that Caliber informed him that "the request of approval of the Loan Modifications had been completed." (*Id.* ¶ 67.) Despite

---

[2] Plaintiff alleges that the loan originated on June 25, 2003. (Compl. ¶ 58.) However, Defendants note that the public records indicate that this date was actually August 20, 2004. (Defs.' Br. Supp. Mot. Dismiss 3 n.4, ECF No. 19.) While the Court's analysis at the Rule 12(b)(6) stage is typically confined to the four corners of the Complaint, the Court "may properly take judicial notice of matters of public record." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009.)

[3] One of many inconsistencies in the Complaint is the date on which Caliber assumed the loan servicing responsibilities. (*Compare* Compl. ¶ 60 (stating that Caliber replaced BANA in 2012), *with id.* ¶ 94 (stating that Caliber acquired servicing rights in February 2013).) Defendants assert that this date was actually November 15, 2014. (Defs.' Br. Supp. Mot. Dismiss 4 n.7.) In any event, the exact date is immaterial for the Court's analysis.

asserting that he had a loan modification pending, Plaintiff later concedes that his request for a HAMP modification was denied. (*Id.* ¶¶ 72, 84.)

However, Plaintiff appears to also allege that he did in fact enter into a loan modification agreement with BANA in October 2014 (*Id.* ¶¶ 87, 100), and that he has been making temporary and modified mortgage payments since November 2014 (*Id.* ¶ 89). Plaintiff asserts that Caliber initially informed him that it had no intention of foreclosing, presumably because Plaintiff was making his modified mortgage payments. (*Id.* ¶ 76.) Relying on this assertion, Plaintiff did not file for Bankruptcy, despite his poor financial situation. (*Id.* ¶¶ 63, 88.) Yet Caliber refused to honor the loan modification agreement and foreclosed on Plaintiff's mortgage. (*Id.* ¶¶ 62, 88.)

Plaintiff further alleges that Caliber changed the locks on the Property but left it unlocked, resulting in the theft of an iPad and cash. (*Id.* ¶¶ 79–80.) Additionally, Plaintiff claims that Caliber "destroyed" all of the locks and alarm systems, electric circuits, kitchen and refrigerator power supplies, and "made a mess in the house." (*Id.* ¶ 81.)

Later in the Complaint, Plaintiff claims that Caliber failed to respond to an alleged qualified written request, made pursuant to the Real Estate Settlement Procedures Act ("RESPA"), in 2013. (*Id.* ¶ 119.) The Complaint is silent as to when exactly this purported request was sent, whether and when it was received, or how exactly Caliber failed to respond.

Plaintiff asserts six counts in his Complaint. He raises claims for declaratory and injunctive relief (Count I), violation of the Virginia Consumer Protection Act ("VCPA")

(Count II), violation of the Fair Debt Collection Practices Act ("FDCPA") (Count III), violation of the RESPA (Count IV), fraud (Count V), and breach of contract (Count VI). He seeks $10,000,000.00 in damages.

Defendants have moved to dismiss each of Plaintiffs claims.

## II. STANDARD OF REVIEW

The well-pleaded facts contained within the Complaint both inform and constrain this Court's review of a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). The task at hand is to determine the sufficiency of the complaint, "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, plaintiff's well-pleaded allegations are taken as true and the complaint must be viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc.*, 385 F.3d at 841. The Court, however, "need not accept the legal conclusions drawn from the facts," nor must the Court "accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

To survive Rule 12(b)(6) scrutiny, a plaintiff must provide more than merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at

4

555, 570 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court acknowledges that *pro se* complaints are afforded a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). However, a *pro se* complaint still must "present factual allegations that 'state a claim to relief that is plausible on its face.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

### III. DISCUSSION

The Court addresses each of Plaintiff's claims in turn. As an initial matter, however, the Court notes that throughout the Complaint, Plaintiff references "class members." (*See, e.g.,* Compl. ¶ 13.) Other than sparsely mentioning these purported "class members," Plaintiff's Complaint lacks any factual underpinning supporting the

5

conclusion that Plaintiff properly brings suit on a class basis in accordance with Federal Rule of Civil Procedure 23. Accordingly, the Court treats and addresses Plaintiff's claims as individual ones.[4]

### a. HAMP and PSA Violations

While not included in his enumerated counts, Plaintiff asserts, throughout the Complaint, that Defendants failed to comply with HAMP and the operative pooling and servicing agreement ("PSA") for his mortgage loan. (*See, e.g.* Compl. ¶ 51.)

However, Plaintiff cannot recover for Defendants' alleged HAMP and PSA violations. First, HAMP does not create a private right of action for borrowers against lenders and servicers. *Bourdelais v. J.P. Morgan Chase*, No. 3:10-cv-670, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (collecting cases). Second, homeowners cannot recover for the breach of a PSA because those homeowners are merely incidental beneficiaries with no cognizable property interest in loan modifications. *Id.* (collecting cases). Therefore, to the extent that Plaintiff seeks to raise those claims, the Court will dismiss them.

---

[4] Plaintiff has previously filed an almost identical complaint in this Court against Wells Fargo. *See Vuyyuru v. Wells Fargo Bank, N.A.*, No. 3:15-cv-598-HEH (E.D. Va. filed Oct. 6, 2015). Large portions of both of these complaints have been copied verbatim from complaints in other lawsuits, presumably found by Plaintiff on the internet. *See, e.g., Corvello v. Wells Fargo Bank N.A.*, No. 3:10-cv-5072-vc (N.D. Cal. Filed Nov. 9, 2010). The Court surmises that many of the inconsistencies in his pleading likely stem from Plaintiff's haphazard cobbling of his particular facts with language from these other complaints.

### b. Virginia Consumer Protection Act

In Count II, Plaintiff alleges violations of the VCPA. To state a claim under the VCPA, a plaintiff must show (1) a fraudulent act, (2) committed by a supplier, (3) in connection with a consumer transaction. Va. Code Ann. § 59.1-200.

The Court need not determine whether Plaintiff has pleaded sufficient facts to state a plausible VCPA claim because "mortgage lenders" such as Defendants are expressly excluded from liability under that statute. *See* Va. Code. Ann. § 59.1-199(D).

Accordingly, Count II will be dismissed with prejudice.

### c. Fair Debt Collection Practices Act

The Court will also dismiss Count III because the FDCPA is equally as inapplicable as the VCPA to these facts.

Plaintiff contends that Caliber committed multiple violations of the FDCPA. These include using unfair or unconscionable means to collect a debt, sending false and misleading communications regarding Plaintiff's mortgage, threatening to foreclose on Plaintiff's home when Caliber had no present right to possession, and misstating the amount of debt contained within correspondence. (Compl. ¶¶ 113–116.)

Generally, the FDCPA prohibits debt collectors from employing abusive means in collecting a debt from consumers. To state a claim under the FDCPA, a plaintiff must show that (1) the defendant is a debt collector under the statute, (2) the plaintiff was the object of collection activity arising from consumer debt, and (3) the defendant engaged in an act or omission prohibited by the statute. *Dikun v. Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005).

However, "the law is well-settled . . . that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003), *aff'd sub nom. Scott v. Wells Fargo & Co.*, 67 Fed. Appx. 238 (4th Cir. 2003). Thus, notwithstanding Plaintiff's allegations, Defendants cannot be held liable for a FDCPA violation.

Therefore, Count III will be dismissed with prejudice.

### d. Real Estate Settlement Procedures Act

In Count IV, Plaintiff asserts that Defendants violated the RESPA by failing to make appropriate changes on Plaintiff's mortgage account after receiving a qualified written request.

The RESPA requires a loan servicer, upon receipt of any qualified written request, to make appropriate corrections to the borrower's account. 12 U.S.C. § 2605(e)(2). A qualified written request "shall be a written correspondence . . . that . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1).

On page thirty-five of his forty-page Complaint, Plaintiff for the first time mentions any communication to Caliber purporting to be a qualified written request. (Compl. ¶ 119.) He simply states that he made such a request and followed all appropriate procedures under the RESPA in doing so. (*Id.*)

Conspicuously absent from Plaintiff's bald assertions are facts. He neither offers specific information related to the letter's request, nor attaches to his Complaint any communication claiming to be that qualified written request. Plaintiff fails to plead facts showing why he believed his account contained any error or why his requested corrections were appropriate. His pleadings related to the RESPA claim amount to a threadbare recital of the cause of action—precisely what *Twombly* proscribes. *See* 550 U.S. at 555.

Furthermore, Plaintiff's RESPA claim is self-contradictory. The Complaint states that as a result of the Defendants' REPSA violation, "Plaintiff has been living in fear each day that they will lose their home to foreclosure." (Compl. ¶ 123.) However, this cannot be reconciled with Plaintiff's assertion that his home has already been foreclosed. (*See id.* ¶¶ 67, 79.)

Even when affording Plaintiff every reasonable inference, he has failed to sufficiently plead a RESPA violation. Therefore, Count IV must be dismissed.

**e. Fraud**

Next, in Count V, Plaintiff brings a claim for common law fraud related to payments made under an alleged permanent loan modification.

To succeed on a claim of fraud, a plaintiff must prove "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (2005) (citations omitted). At the pleading stage, Federal Rule of Civil Procedure 9 mandates that a plaintiff also "state

with particularity the circumstances constituting fraud." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting Fed. R. Civ. P. 9(b)). This includes "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

Here, the essence of Plaintiff's fraud claims rests upon the allegation that Defendants misrepresented to Plaintiff that he was in default on his mortgage and that his loan modification had been denied. (Compl. ¶ 126.) However, Plaintiff's vague pleadings fall well short of satisfying the particularity requirement because he fails to specify the time, place, or contents of any false representation.

Accordingly, the Court will dismiss Count V.

### f. Breach of Contract

In Count VI, Plaintiff asserts that Defendants breached their contract with Plaintiff by failing to honor a permanent loan modification.

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *William H. Gordon Associates v. Heritage Fellowship, United Church of Christ*, 784 S.E.2d 265, 274 (Va. 2016).

Although Plaintiff submits that he had a permanent modification agreement with Defendants, he alleges no facts supporting this contention. The Complaint is silent as to the terms and conditions of the loan modification. Likewise, it provides no facts showing

how Defendants breached the agreement. Plaintiff merely states in conclusory fashion that Defendants "fail[ed] to honor the permanent HAMP modification." (Compl. ¶ 137.) This unsupported conclusion fails to survive Rule 12(b)(6) scrutiny.

Because Plaintiff fails to plead sufficient facts regarding any permanent loan modification, the Court will dismiss Count VI.

### g. Declaratory and Injunctive Relief

Lastly, the Court addresses Plaintiff's claim in Count I that he is entitled to declaratory and injunctive relief. He asks this Court to "enter an Order enforcing the loan modification agreement entered into by Plaintiff and Bank of America, Mortgage on or about October, 2014; Declare the loan modification agreement to be valid and enforceable; Order Caliber to honor the terms of the permanent loan modification agreement and order appropriate declaratory relief." (Compl. ¶ 100.)

The Federal Declaratory Judgment Act allows district courts to "declare the rights and legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). Declaratory judgment "is appropriate when the judgment will serve a useful purpose in clarifying and settling legal relations in issue, and . . . when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 231, 325 (4th Cir. 1937)) (internal quotation marks omitted). A court's power to enter declaratory relief "has consistently been considered discretionary." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (citations omitted).

11

Aside from a single reference, the Complaint lacks any facts regarding the alleged loan modification. Moreover, the Complaint contradicts itself by expressly stating, in other sections, that Defendants denied Plaintiff's loan modification application. (*See* Comp. ¶¶ 72, 84.) Absent any meaningful facts, the Court will decline to exercise its discretion to entertain Plaintiff's request for declaratory relief, and this claim will be dismissed.

Finally, Plaintiff seeks preliminary injunctive relief to prevent a foreclosure until a decision on the merits has been made. (Compl. ¶ 96.)[5] To obtain a preliminary injunction, a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008). Issuance of a preliminary injunction is an extraordinary remedy. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (en banc).

As discussed above, each claim fails at this stage. Accordingly, Plaintiff cannot show that he is likely to succeed on the merits. The Court will therefore deny Plaintiff's request for the extraordinary remedy of a preliminary injunction.

---

[5] However, the Complaint is again contradictory because Plaintiff also alleged that a foreclosure sale has already occurred. (*See, e.g.,* Compl. ¶ 79.) This assertion is supported by the publically available Chesterfield County, Virginia, property records, which indicate that the property is now owned by a third party. (*See* Defs.' Mem. Supp. Mot. Dismiss Ex. C, ECF No. 19-3.)

### h. Amended Complaint

In response to Defendants' Motion to Dismiss, Plaintiff petitions the Court to grant him leave to amend his Complaint and thus deny Defendant's Motion as moot. (ECF No. 25.) However, the Court declines to do so because Plaintiff's proposed Amended Complaint does nothing to strengthen his claims.

The most significant change in the Amended Complaint is the addition of an additional count, alleging violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Plaintiff alleges that Defendants violated HIPAA by destroying his "personal records, medical records and legal records." (Proposed Am. Compl. ¶ 109, ECF No. 26-1.)

However, even if the Court were to allow Plaintiff to amend his Complaint, this claim would fail because HIPAA does not create a private right of action. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (collecting cases); *Segen v. Buchanan General Hosp., Inc.*, 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) ("[I]t is clear that a private right of action does not exist based upon HIPAA violations.").

Other than the alleged HIPAA violation, the only other change to the proposed Amended Complaint is the inclusion of some additional facts wholly unrelated to the claims which Plaintiff asserts. (*See* Proposed Am. Compl. ¶¶ 8–10 (stating that Plaintiff suffered a personal injury and identifying the treatment he received); *id.* ¶¶ 12–13 (stating that Defendants failed to communicate with Plaintiff's wife prior to initiating foreclosure proceedings).)

Accordingly, the Court will deny Plaintiff's motions to amend his Complaint and will instead grant Defendants' Motion to Dismiss.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss will be granted. Counts II and III will be dismissed with prejudice and Counts I, IV, V, and VI will be dismissed without prejudice. For the claims which will be dismissed without prejudice, Plaintiff is free to amplify the factual and legal basis on which his claims rest and refile those claims in a new action.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 3, 2017
Richmond, Virginia